Common reputation in the family is admissible as evidence of a marriage in that family; and it is said that the declarations of an individual of that family are evidence of that common reputation. But such declarations must have been made before any contest had arisen in regard to the marriage. It is necessary that they should have been made not only without any view of benefiting the person making them, but also without a view of benefiting any other; that they should have flowed from a desire only of speaking the truth, which all are presumed to have when there is no motive to declare the contrary. The person, therefore, who offers such declarations must show that they were made under such circumstances; it is a prerequisite to their admissibility. It not appearing that those made in the presence of Mrs. Dagget were made under such circumstances, they must be rejected. For aught that appears to the contrary, they might have been made on the very day on which her deposition was taken, and with a view to this contest, to aid a purchaser under her husband's executors to increase her legacy, or the fund for the payment of debts, or other legacies, whereby her legacy would be the better secured to her. At all events, it does not appear to have been made ante litem motam.
The declarations cannot be received as coming from one privy in estate, for she had parted with her estate in the negroes before they were made. The plaintiff is, therefore, not a privy in the estate which she (98) then had.
As to the other ground of objection, towit, that it tends to invalidate an act which she had done. I know of no such rule of exclusion. The maxim,Nemo audiendus est allegare suam turpitudinem, is applicable to parties, and not to witnesses. If a person is not infamous, or interested in the event of the cause, he is competent; if his testimony tends to impeach an act which he has done, it goes to affect his credit.
The deposition must be rejected for the reasons first mentioned.
As I have not considered, so I express no opinion, on what effect such subsequent marriage, and sale by the husband or his executors, would have upon the previous parol gift of a slave by the wife, under our act of 1784 or any other law.
 The CHIEF JUSTICE assenting as to the reasons for rejecting the deposition, Affirmed.
 Cited: Smith v. R. R., 68 N.C. 116; Hodges v. Hodges, 106 N.C. 375;Rollins v. Wicker, 154 N.C. 564; Lumber Co. v. Lumber Co., 169 N.C. 96. *Page 43